IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK T. TURULSKI, SR.,            )
                                  )
            Plaintiff,            )
                                  )
    v.                            )  C.A. No. 18-779 (MN)
                                  )
DEPARTMENT OF VETERANS            )
AFFAIRS,                          )
                                  )
            Defendant.            )

# MEMORANDUM OPINION

Mark T. Turulski, Sr. – *Pro Se* Plaintiff

David C. Weiss, United States Attorney, Jennifer Lynne Hall, Assistant United States Attorney, Wilmington, DE – attorneys for Defendants

October 31, 2018

*signature*

NOREIKA, U.S. DISTRICT JUDGE:

Pending before the Court is the motion (D.I. 14) of Defendant the Department of Veterans Affairs ("VA") to dismiss Plaintiff Mark T. Turulski, Sr.'s complaint (D.I. 2) for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the forthgoing reasons, the Court will grant Defendant's motion.

1. On May 23, 2018, Plaintiff, Mark T. Turulski, Sr., acting *pro se*, filed a complaint against the VA alleging that on September 8, 2016, he was assaulted and physically injured by "Sgt. Custodio" while in the custody of VA police. (*Id.* at 4-5). Plaintiff alleges that the injuries caused him "pain, suffering psychological, drama . . . and perhaps most importantly loss of fiance (sic)." (*Id.* at 7). Plaintiff seeks damages in the amount of $7,000,000 from the government for personal injury resulting from the alleged wrongful act of a federal employee. (*Id.*).

2. The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2679(b)(1), "is the exclusive remedy against the United States for certain negligent or wrongful acts of federal employees acting within the scope of their employment." *Priovolos v. Federal Bureau of Investigation*, 686 Fed. Appx. 150, 152 (3d Cir. 2017) (citing 28 U.S.C. § 2679(b)(1); *Aliota v. Graham*, 984 F.2d 1350, 1355 (3d Cir. 1993)). Here, because Plaintiff seeks redress for the alleged wrongful acts of "Sgt. Custodio" while he was in VA police custody, his claims fall squarely under the FTCA.[1]

3. The FTCA operates as a limited exception to the United States' sovereign immunity from suit for certain tort claims. *See Abulkhair v. Bush,* 413 Fed. App'x. 502, 506 (3d Cir. 2011).

---

[1] Defendant argues that the complaint improperly names the VA as defendant rather than the United States, citing *Priovolos v. FBI*, 632 Fed. App'x 58, 60 (3d Cir. 2015), and must also be dismissed for that reason. As the Third Circuit has recognized, "this pleading defect can be remedied" by the submission of a new or an amended complaint, if appropriate. *Id.*

1

Before bringing an FTCA claim in court, however, a claimant must exhaust administrative remedies:

> An action shall not be instituted . . . against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, ***unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.***

28 U.S.C. § 2675(a) (emphasis added).

4. Exhaustion of administrative remedies under the FTCA "is jurisdictional and cannot be waived." *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971) (citations omitted). Thus, "a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely." *Wilder v. Luzinski*, 123 F. Supp. 2d 312, 313 (E.D. Pa. 2000) (citing *McNeil v. United States*, 508 U.S. 106, 111 (1993)); *see also Wujick v. Dale & Dale*, 43 F.3d 790, 793-94 (3d Cir. 1994) (noting that administrative exhaustion under FTCA is mandatory and that the Supreme Court "firmly rejected" the "no harm, no foul" reasoning)). "[B]ecause the FTCA is a waiver of sovereign immunity by the United States, its requirements are strictly construed." *Abulkhair*, 413 Fed. App'x. at 506 (citing *White-Squire v. USPS*, 592 F.3d 453, 456 (3d Cir. 2010)).

5. Here, Defendant argues that the Plaintiff's claims must be dismissed pursuant to Rule 12(b)(1) because he failed to exhaust his administrative remedies as required under the FTCA. (D.I. 14 at 2-3).[2]

---

[2] The Court acknowledges that Plaintiff proceeds *pro se*. The Supreme Court, however, "has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

6. A complaint challenged on the basis of Rule 12(b)(1) may be attacked on its face or in fact. *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When the basis of a 12(b)(1) challenge is factual, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (adding "the plaintiff will have the burden of proof that jurisdiction does in fact exist"). Here, Defendant's motion is supported by a sworn Declaration of Lisa M. Wolfe, Staff Attorney, Department of Veterans Affairs, Office of General Counsel, Torts Law Group. (D.I. 14, Ex. A, ¶ 1 (the "Declaration")). The motion "therefore must be construed as a factual, rather than a facial attack on the Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982).

7. In evaluating Defendant's motion and the existence of subject matter jurisdiction, the Court considers the Declaration along with documentation submitted by Plaintiff in relation to the instant motion.

8. In the Declaration, Ms. Wolfe explains her familiarity with the official records of administrative claims maintained by the VA, as well as with the system by which those records are maintained. (*Id.* at ¶¶ 2-6). Ms. Wolfe states that she caused a search of the official records of administrative claims submitted to the VA and that the search "revealed no FTCA claim filed by Mark Turulski." (*Id.* at ¶¶ 7-9)

9. In response, Plaintiff argues that he sent "copies of this case" to the VA and to the U.S. Attorney's Office (D.I. 16 at 2, 13), filed complaints regarding the alleged incident with the VA police (D.I. 16 at 10, 13), and sent a letter to the FBI on July 2, 2018 after this case had been filed. (D.I. 16 at 4, 13).

3

10. To be considered a "claim" within the meaning of 28 U.S.C. § 2675(a), a claimant must include, among other things, "a demand for a sum certain." *White-Squire v. USPS*, 592 F.3d 453, 457 (3d Cir. 2010). "[A] claimant's failure to present her FTCA claim to the appropriate agency with a sum certain, as required by § 2675(b), compels the conclusion that a district court lacks subject matter jurisdiction over the claim." *White-Squire*, 592 F.3d at 458 (affirming the dismissal of an FTCA suit when the plaintiff failed to submit an administrative claim that stated a sum certain); *see also Bruno v. USPS*, 264 Fed. App'x 248, 248-49 (3d Cir. 2008) (same); *Damiani v. Duffy*, No. 12-1637, 2014 WL 5795683, *4 (D. Del. Nov. 5, 2014) (administrative claim requirement not satisfied by complaint letters that failed to demand a "sum certain").

11. Here, Plaintiff has provided the Court with no evidence of his alleged complaint letters to the VA and simply attaches a medical record that notes that Plaintiff mentioned during a visit that he had been handcuffed. (D.I. 16 at 7). Nor does Plaintiff contend that any complaint letters to the VA demanded a "sum certain."

12. Thus, Plaintiff cannot establish that he first submitted a claim to the VA before filing this suit and his suit must be dismissed for lack of subject matter jurisdiction. An appropriate order will be entered.