IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK T. TURULSKI, SR., )
)
        Plaintiff, )
)
v. ) C.A. No. 18-779 (MN)
)
DEPARTMENT OF VETERANS )
AFFAIRS, )
)
        Defendant. )

**MEMORANDUM OPINION**

Mark T. Turulski, Sr. – *Pro Se* Plaintiff

David C. Weiss, United States Attorney, Jennifer Lynne Hall, Assistant United States Attorney, Wilmington, DE – attorneys for Defendants

January 8, 2019
Wilmington, Delaware

/s/ Maryellen Noreika
NOREIKA, U.S. DISTRICT JUDGE:

Pending before the Court is the motion (D.I. 22) of Defendant the Department of Veterans Affairs ("VA") to dismiss Plaintiff Mark T. Turulski, Sr.'s Amended Complaint (D.I. 21) for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the foregoing reasons, the Court will grant Defendant's motion.

1. On May 23, 2018, Plaintiff, Mark T. Turulski ("Plaintiff"), acting *pro se*, filed a complaint against the VA alleging that on September 8, 2016, he was assaulted and physically injured by "Sgt. Custodio" while in the custody of VA police. (*Id.* at 4-5). Plaintiff alleges that the injuries caused him "pain, suffering psychological, drama . . . and perhaps most importantly loss of fiance (sic)." (*Id.* at 7). Plaintiff seeks damages in the amount of $7,000,000 for personal injury resulting from the alleged wrongful act of a federal employee. (*Id.*).

2. On July 25, 2018, Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(1) because Plaintiff failed to exhaust his administrative remedies as required under the Federal Tort Claims Act ("FTCA"). (D.I. 14 at 2-3).[1] On October 31, 2018, the Court granted the motion, without prejudice, finding that Plaintiff failed to allege that he had exhausted his claims before filing suit. (D.I. 19, 20).

3. On November 26, 2019, Mr. Turulski filed as a document titled "Amendments" which was docketed as an Amended Complaint. (D.I. 21). In the Amended Complaint, he alleges "[t]o wit, the plaintiff did file a complaint with the VA and send (sic) copies of this case to all the appropriate agencies including the secretary of VA." (D.I. 21 at 1).

---

[1] As the Court previously noted, Plaintiff proceeds *pro se*, but that does not mean that "procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. U.S.*, 508 U.S. 106, 113 (1993). (D.I. 19 at n. 2).

1

4. On December 11, 2018, Defendants moved to dismiss the Amended Complaint for lack of subject matter jurisdiction. (D.I. 22).

5. As the Court noted in its prior opinion (D.I. 19), the FTCA, 28 U.S.C. §§ 1346(b), 2679(b)(1), "is the exclusive remedy against the United States for certain negligent or wrongful acts of federal employees acting within the scope of their employment." *Priovolos v. Federal Bureau of Investigation*, 686 Fed. Appx. 150, 152 (3d Cir. 2017) (citing 28 U.S.C. § 2679(b)(1); *Aliota v. Graham*, 984 F.2d 1350, 1355 (3d Cir. 1993)). Here, Plaintiff seeks redress for the alleged wrongful acts of "Sgt. Custodio" while Plaintiff was in VA police custody. Thus, his claims fall under the FTCA.

6. The Amended Complaint – as did the original Complaint – improperly names the VA as defendant rather than the United States. *Priovolos v. FBI*, 632 Fed. App'x 58, 60 (3d Cir. 2015). As the Third Circuit has recognized, "this pleading defect can be remedied" by the submission of a new or an amended complaint, if appropriate. *Id.* To date, however, Plaintiff has not remedied this defect and has failed to name the proper party – the United States – as a defendant. Thus, his Amended Complaint will be dismissed for failure to name the correct party as defendant.

7. Additionally, before bringing an FTCA claim in court, a claimant must exhaust his administrative remedies:

> An action shall not be instituted . . . against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, ***unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.***

28 U.S.C. § 2675(a) (emphasis added).

2

8. Exhaustion of administrative remedies under the FTCA "is jurisdictional and cannot be waived." *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971) (citations omitted). Thus, "a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely." *Wilder v. Luzinski*, 123 F. Supp. 2d 312, 313 (E.D. Pa. 2000) (citing *McNeil v. United States*, 508 U.S. 106, 111 (1993)); *see also Wujick v. Dale & Dale*, 43 F.3d 790, 793-94 (3d Cir. 1994) (noting that administrative exhaustion under FTCA is mandatory and that the Supreme Court "firmly rejected" the "no harm, no foul" reasoning).

9. If a plaintiff files an FTCA suit before exhausting his administrative claim, the case must be dismissed, even if the plaintiff exhausts before substantial progress is made in the litigation. *McNeil v. United States*, 508 U.S. 106, 107 (1993) (dismissing FTCA case when the plaintiff exhausted after filing the complaint); *see also Priovolos*, 686 Fed. App'x at 152 ("[T]he subsequent filing and denial of a claim after suit has been commenced does not overcome the failure to exhaust administrative remedies and premature filing of the complaint.").

10. In dismissing Plaintiff's original Complaint, the Court granted leave to amend to the extent that Plaintiff could show that "he first presented his claim to the VA and that his claim was finally denied by the agency as required by 28 U.S.C. § 2675(a) and § 2675(b)." (D.I. 20). In the Amended Complaint, Mr. Turulski asserts that he filed a complaint with the VA – though he does not allege the date or the content of that complaint to the VA or any response from the VA. (D.I. 21). In his surreply to the pending motion, filed on January 2, 2019,[2] Plaintiff provided some additional information:

---

[2] Although Plaintiff's surreply was filed without seeking leave of the Court, given Plaintiff's *pro se* status, the Court has allowed and considered it.

> The complaint and or case was sent to secretary of Veteran Affairs Robert Wilkie 810 Vermont Ave Northwest Washington, DE 20420. Certified mail receipt tracking number last four number 4683. On date 5-31-2018 and USPS delivered on 06-05-2018 time 5:27, and USPS enclosed receipt that was delivered and signed for 06-05-2018, 5:27 am and signed receipt.

(D.I. 26 at 1-2). Mr. Turulski also referred to a "medical record 09-26-2018 [sic 2016] 14:29 showing a complaint was filed with the VA long before the suit was filed." (*Id.*).

11. The dates offered by Plaintiff with respect to submission of an unspecified "complaint" to the secretary of Veterans Affairs are *after* May 23, 2018, the date that this suit was filed. Thus, these dates do not establish that he first submitted a claim to the VA *before* filing this suit – let alone that such a claim had been finally denied by the VA prior to filing of this case.

12. The "medical record" submitted is dated prior to the filing of the Complaint. It, however, simply notes that Plaintiff mentioned during a visit that he had been handcuffed. (D.I. 24). It does not constitute a claim for exhaustion purposes.

13. As the Court previously noted, to be considered a "claim" within the meaning of 28 U.S.C. § 2675(a), a claimant must include, among other things, "a demand for a sum certain." *White-Squire v. USPS*, 592 F.3d 453, 457 (3d Cir. 2010). "[A] claimant's failure to present [a] FTCA claim to the appropriate agency with a sum certain, as required by § 2675(b), compels the conclusion that a district court lacks subject matter jurisdiction over the claim." *White-Squire*, 592 F.3d at 458 (affirming the dismissal of an FTCA suit when the plaintiff failed to submit an administrative claim that stated a sum certain); *see also Bruno v. USPS*, 264 Fed. App'x 248, 248-49 (3d Cir. 2008) (same); *Damiani v. Duffy*, No. 12-1637, 2014 WL 5795683, *4 (D. Del. Nov. 5, 2014) (administrative claim requirement not satisfied by complaint letters that failed to demand a "sum certain").

14. Here, Plaintiff has provided the Court with evidence of his alleged complaint letters to the VA *after* the case had been filed and a medical record that notes that Plaintiff

4

mentioned during a visit that he had been handcuffed. (D.I. 16 at 7). There is no request for a sum certain, and there is no final denial of a claim in writing by the VA. For these reasons, as well as his failure to name the correct defendant, Plaintiff's Amended Complaint must be dismissed. An appropriate order will be entered.