IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK T. TURULSKI, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-779 (MN) |
| | ) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

At Wilmington this 6th day of July 2020:

1. **Introduction**. Plaintiffs proceed *pro se*. On January 8, 2019, the Court dismissed this case for lack of subject matter jurisdiction. (D.I. 27, 28). On February 21, 2019, Plaintiff filed a motion to reopen, and the motion was denied on April 8, 2020. (D.I. 29, 30). On May 4, 2020, Plaintiff filed a motion for reconsideration. (D.I. 31).

2. **Discussion**. The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were

not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

3. As discussed in the order denying Plaintiff's motion to reopen, Plaintiff commenced a new action on February 21, 2020 against the United States of America based upon the same facts. *See Turulski v. United States*, C.A. No. 20-249 (MN) (D. Del.). Plaintiff has failed to set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by the Court to warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. Therefore, the motion will be denied.

4. **Conclusion**. For the above reasons, the Court will: (1) deny Plaintiff's motion for reconsideration. (D.I. 31). An appropriate order will be entered.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK T. TURULSKI, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-779 (MN) |
| | ) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

At Wilmington this 6th day of July 2020, for the reasons set forth in the Memorandum issues this date, IT IS HEREBY ORDERED that Plaintiffs' motion for reconsideration (D.I. 31) is **DENIED**.

_____
The Honorable Maryellen Noreika
United States District Judge